UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARILYN R. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0944** |
| **JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO.2, PARISH OF JEFFERSON** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Marilyn Lewis ("Lewis") and Vanessa Bergeron's ("Bergeron") (collectively, "Movers") Motion to Transfer and Consolidate,[1] wherein they seek to have Civil Action No. 12-1833 transferred from Section "N" and consolidated with the above-captioned matter. After considering the complaints, the pending motion, the memorandum in support, the opposition, the records, and the applicable law, the Court will deny the pending motion.

## I. Background

### A. Factual Background

1. Civil Action No. 12-0944

Lewis filed a complaint against Jefferson Parish Hospital Service District No. 2, Parish of Jefferson ("Defendant") in this Court on April 13, 2012.[2] Lewis alleges that on August 15, 2011, she was hired by Defendant as a "Patient Access Representative II."[3] She worked in a physician's office, Dr. McKinnie, in the complex of Defendant in Metairie, Louisiana. Lewis avers that one of her

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 1.

[3] *Id.* at ¶ 3.

"main job duties was checking in and checking out patients for treatment."[4] Lewis notes that she was hired on a 90-day probationary period and is an African-American woman.[5]

Lewis avers that Karen Copeland ("Copeland"), a Caucasian woman, was office manager for Defendant.[6] Lewis contends that throughout her employment with Defendant, she and her African-American co-worker, Bergeron, were "treated unfairly and harshly by Ms. Copeland."[7] Specifically, Lewis alleges that Copeland "talked about [Lewis] and Ms. Bergeron sarcastically and in a negative manner and frequently raised her voice at them. On the other hand, Ms. Copeland treated Ms. Muffett [a Caucasian co-worker] politely and respectfully."[8]

Lewis claims that on November 17, 2011, she was informed that she was being put on administrative leave pending an investigation into allegations made by Copeland.[9] Lewis avers that Dr. McKinnie had a meeting with Copeland to discuss the work performance of Ms. Muffet and Bergeron, however, at the meeting, only Ms. Muffet's work related problems were discussed; nonetheless, on November 29, 2011, Copeland terminated Lewis and "was given the vague and general reason that she had not satisfied her probation."[10] Lewis claims that around the same time

---

[4] *Id.*

[5] *Id.* at ¶¶ 3-4.

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 7.

[8] *Id.*

[9] *Id.* at ¶ 8.

[10] *Id.*

Bergeron was also terminated for "not satisfying her probation," but that Ms. Muffet had no disciplinary action taken against her.[11]

Lewis contends that she was terminated by Copeland on the basis of her race.[12] Lewis brings a cause of action under the Louisiana Employment Discrimination Law[13] and Title VII of the Civil Rights Act of 1964,[14] claiming that Defendant "failed to have in full force and effect any effective policy regarding illegal workplace discrimination."[15]

2. Civil Action No. 12-1833

Bergeron's complaint is identical to that of Lewis, except with respect to one paragraph. Both Lewis and Bergeron allege that they were fired without Dr. McKinnie's knowledge or approval, and he opposed their terminations; however, Lewis alleges that she previously worked for Dr. McKinnie for over 13 years, while Bergeron claims she worked for Dr. McKinnie for about 4 years prior to her termination.[16]

## *B. Procedural Background*

Lewis filed her action on April 13, 2012, and it was allotted to Section "G" of this Court. On July 13, 2012, Bergeron filed her nearly identical complaint, and it was assigned to Judge Kurt D. Engelhardt, Section "N." On February 13, 2013, Movants filed the pending motion to transfer

---

[11] *Id.*

[12] *Id.* at ¶ 10.

[13] La. R.S. § 23:301, *et seq.*

[14] 42 U.S.C. § 2000e, *et seq.*

[15] Rec. Doc. 1 at ¶¶ 11-12.

[16] *Compare* Rec. Doc. 1 at ¶ 9 *with*, *Bergeron v. Jefferson Parish Hosp. Serv. Dist. No. 2, Parsih of Jefferson*, Civil Action No. 12-1833, Rec. Doc. 1 at ¶ 9.

Bergeron's action to this Section to be consolidated with Lewis's action.[17] On March 5, 2013, Defendant filed an opposition.[18]

## II. Parties' Arguments

In support of the pending motion, Movants urge this Court to grant the pending motion pursuant to Federal Rule of Civil Procedure 42(a), which states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.[19]

Movants argue that when actions involve "common questions of law and fact," it is proper to consolidate them.[20] Movants contend that these actions should be consolidated because the matters "present identical factual and legal issues, and arose from the same transaction or occurrences by and between [Movants] and their former employer, defendant, East Jefferson."[21] Further, Movants note that both of them allege that they were fired around the same time for the same purported reason, and as a result of the same employee's conduct, Copeland, and seek relief under the same statutes.[22] Finally, Plaintiffs contend that consolidation of these matters would "enhance the judicial

---

[17] Rec. Doc. 22.

[18] Rec. Doc. 24.

[19] Rec. Doc. 22-1 at p. 3.

[20] *Id.* (citing *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013-15 (5th Cir. 1972)).

[21] *Id.* at p. 4.

[22] *Id.*

economy of these proceedings without undue delay of either proceeding or prejudice any other party."[23]

In opposition to the pending motion, Defendant claims that Copeland had numerous discussions with Lewis regarding alleged performance deficiencies during her 90-day probationary period.[24] Defendant contends that these conversations addressed, among other things, Lewis's (1) failure to attach reports to charts for Dr. McKinnie to review and initial; (2) adding duplicate patients to the system; (3) failure to complete financial agreements; (4) failure to make notes in patient filed after speaking with patients or Dr. McKinnie; and (5) improper scheduling of appointments, which often led to over booking.[25] In contrast, Defendant alleges that Bergeron was cited by Copeland for deficiencies for (1) failing to close batches daily; (2) inputting incomplete billing information; and (3) scheduling patient return appointments but failing to log the return appointments into the system, causing over booking.[26]

Defendant notes that a district court enjoys broad discretion in determining whether to consolidate a case pending before it.[27] However, Defendant contends that these matters should not be consolidated because, while there are certain common issues of fact and law, individual issues regarding the employment history of Lewis and Bergeron "predominate."[28] Defendant argues that "[d]espite similar job titles, Lewis and [Bergeron] performed different tasks and underperformed in

---

[23] *Id.* at p. 5.

[24] Rec. Doc. 24 at p. 3.

[25] *Id.* at pp. 3-4.

[26] *Id.* at p. 6.

[27] *Id.* at p. 7 (citing *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 139 (5th Cir. 1985)).

[28] *Id.* at p. 9.

different respects. Job titles, pleadings and the same attorney are where the true similarity between the Lewis and Bergeron cases ends."[29]

Further, Defendant contends that the cases relied upon by Movants in support of the pending motion are distinguishable because those cases arose from a single airplane crash, whereas Movants' claims "undoubtably involve issues related to Copeland's motivation when dealing with each of the [Movants]."[30] In addition, Defendant avers that consolidation of this matter risks the possibility of confusing the jury and prejudicing defendant: "Lewis and Bergeron will probably testify in each case. There is a danger that the jury could confuse Lewis' testimony about her own experience with Bergeron's testimony. There is a danger the jury could assume without evidence that because something may have happened to Lewis, it must have also happened to Bergeron."[31] Finally, Defendant argues that consolidation could cause undue delay, because Lewis's action is set to go to trial 35 days after Bergeron's action.[32]

### III. Law and Analysis

As previously noted, Rule 42(a) allows a district court to consolidate matters:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

---

[29] *Id.*

[30] *Id.* at p. 10.

[31] *Id.* at pp. 10-11.

[32] *Id.* at pp. 11.

6

A trial court has broad discretion in determining whether to consolidate a case pending before it.[33] However, "the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case. Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error."[34]

Here, the Court finds that consolidation of these two matters could prejudice Defendant. While Movants each allege very similar claims of discrimination from the same individual, to prevail, Lewis and Bergeron would both have to prove that their individual terminations were motivated by intentional racial discrimination.[35] The evidence that will be relevant to each plaintiff's claims will be specific to their individual employment histories. The Court is persuaded by Defendant's argument that "[t]here is a danger that the jury could confuse Lewis' testimony about her own experience with Bergeron's testimony. There is a danger the jury could assume without evidence that because something may have happened to Lewis, it must have also happened to Bergeron."[36] In order to avoid such issues, the Court finds that maintaining these suits as two separate actions is the most prudent course.

---

[33] *Alley*, 767 F.2d at 140 (citing *N.A.A.C.P. of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973)).

[34] *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

[35] *Tex. Depr. Cmnty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The ultimate burden of persuading the trier of fact [in an employment discrimination suit] that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.").

[36] Rec. Doc. 24 at p. 10.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Movants' Motion to Transfer and Consolidate[37] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  3rd  day of May, 2013.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 24.